UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE,<br><br>        Plaintiff,<br><br>v.<br><br>BICK, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00006-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

      Plaintiff David Faunce (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that California Department of Corrections and Rehabilitation ("CDCR") employees were deliberately indifferent to his serious medical needs by denying him orthotic shoes, nasal sprays, and inhalers under a cost reduction policy.

      Before the Court is Plaintiff's motion for a preliminary injunction where Plaintiff seeks an order preventing Defendants from denying him any currently prescribed medication.

      Upon review, the Court recommends that Plaintiff's motion for preliminary injunction be denied.

**I.    BACKGROUND**

      Plaintiff filed a complaint on January 3, 2025, and named Joseph Bick, R. Recary, H. Longia, J. Mevi, and James Chau as defendants. (ECF No. 1). Plaintiff claims he was denied

orthotics and breathing medication in the form of nasal sprays and inhalers based on "a purported cost-reduction policy." (*Id* at p. 1).  Plaintiff also alleges that Defendant Dr. Chau negligently prescribed two "contra-indicated" medication for his prostate. (*Id*. at p. 10). Plaintiff alleges that Defendants enacted an unconstitutional policy and were deliberately indifferent to his serious medical needs.

On January 22, 2025, Plaintiff filed a motion for preliminary injunction. (ECF No. 7). Plaintiff seeks an order prohibiting Defendants "from cancelling out, changing, delaying dispensing of any currently prescribed medication or device related to Plaintiff's diagnosed orthopedic, respiratory or cardiac diseases for any non-medical reason and/or prison policy without prior notice to Plaintif (sic)." (*Id*. at p. 1).  Plaintiff specifically seeks an order preventing Defendants from "cutting off" Plaintiff's access to orthopedic shoes and respiratory medication. (*Id*. at p. 4).  In support of his motion for preliminary injunction, Plaintiff submits his own declaration. (ECF No. 7, Faunce Declaration).  Plaintiff states he has a constant flow of mucosal drip and chest congestion after being denied Azelastine, Nasacort nasal sprays, and Singulair. (*Id*. ¶¶ 4-5).

## II.     SCREENING ORDER

On April 4, 2025, this Court screened Plaintiff's complaint and found that Plaintiff failed to state any cognizable claims and granted Plaintiff leave to amend. (ECF No. 9).  The Court reviewed each of Plaintiff's claims and found that Plaintiff had failed to allege factual allegations sufficient to state a claim against Defendants for deliberate indifference to serious medical need.

First, this Court found that Plaintiff's claims against Dr. Chau for denying his prescriptions for nasal sprays and inhalers failed to state a claim.  In the screening order, this Court explained: "According to Plaintiff, Dr. Chau initially treated his COPD with a prescription for Azelastine. Although he initially did not prescribe Singulair, he provided a medical reason for failing to do so, and eventually prescribed Singulair as well following the hospital's instructions. As for Nasacort, Dr. Chau eventually provided a medical reason—that the Pharmacist didn't recommend using Azelastine with Nasacort—and later provided an

1    effective alternative. While Plaintiff also alleges that for some time Dr. Chau told Plaintiff to
2    use saline nasal spray at the canteen due to 'something about the state budget crisis,' this alone
3    is not sufficient to indicate deliberate indifference to serious medical needs." (ECF No 7 at p.
4    10).

5          This Court also found Plaintiff failed to state a claim against Defendants Recary,
6    Longia, or Mevi because Plaintiff's allegations were conclusory and lacked factual allegations.
7    The Court found Plaintiff "does not allege that he saw any document or heard any statement
8    indicating that these individuals told Dr. Chau to cancel these prescriptions. He does not allege
9    that Dr. Chau told Plaintiff this. On the contrary, his first specific allegation regarding Dr. Chau
10   is that 'On or about 3/14/24, Defendant Chau issued a prescription for Azelastine only,' which
11   is inconsistent with Plaintiff's allegation that Dr. Chau was told by three supervisors to cancel
12   that prescription. Moreover, as described above, Dr. Chau told Plaintiff that he was not
13   prescribing Singulair because it was 'contra-indicated for use with the "Asamax" Inhaler,' and
14   not because he had been told to cancel the prescription by Recary, Longia or Mevi. Thus, this
15   statement appears to be Plaintiff's speculation regarding Recary, Longia and Mevi's role and
16   not a factual allegation based on Plaintiff's knowledge and observation."  (ECF No. 7 at p. 11).

17         This Court also found "Plaintiff does not allege any facts indicating that Defendant Bick
18   had any role in denying Plaintiff any medication" nor did Plaintiff "allege any facts indicating
19   that Dr. Bick was aware of Plaintiff's complaints or had any role in addressing those
20   complaints."  (ECF No. 7 at p. 12).

21         Additionally, this Court found Plaintiff did not state a cognizable claim based on his
22   allegation he was denied orthotics.  This Court found that "Plaintiff does not name any
23   individual defendant who purposefully failed to treat this medical need. His only allegation of a
24   specific interaction with a medical professional is with Dr. Showalter. However, Dr. Showalter
25   is not named as a defendant in Plaintiff's complaint." (ECF No. 7 at p. 14).  Additionally, the
26   Court found Plaintiff failed to allege facts to support his contention that therapeutic shoes were
27   medically necessary. (*Id*. at p. 15).

28

This Court also found Plaintiff did not state a claim against Dr. Chau for providing contra-indicated medication for Plaintiff's prostate. The Court found that the urologist who is alleged to have prescribed the medication is not a named defendant. (ECF No 7 at p. 15). Further, "Plaintiff's allegations as to Dr. Chau indicate that Dr. Chau addressed Plaintiff's concerns. Indeed, they show that Dr. Chau responded to a concern about Plaintiff's PSA score and independently sought out Plaintiff to address the issue." (*Id*. at p. 16).

On April 22, 2025, Plaintiff requested a 60-day extension to amend his complaint, which this Court granted. (ECF Nos. 10 and 11). Plaintiff filed a second request for extension of time to amend his complaint, which this Court granted with a warning that no further extensions would be granted for this deadline. (ECF Ns. 12 and 14).

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(a)(1), a Court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); s*ee Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). "When a plaintiff seeks injunctive relief based on claims not pled in

the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

### IV.   ANALYSIS

The Court recommends that Plaintiff's motion for preliminary injunction be denied.

In his motion for preliminary injunction, Plaintiff relies on allegations from his complaint. Specifically, Plaintiff argues that Defendants enacted a cost-reduction policy that denies Plaintiff orthotics and breathing medication. Plaintiff asserts that he has demonstrated "probable success on the merits" because "he demonstrates both elements of deliberate indifference to serious medical needs." (ECF No. 7 at p. 5).

However, this Court screened Plaintiff's complaint and found that Plaintiff had failed to state a cognizable claim for deliberate indifference to serious medical needs. (ECF No. 9). As of the date of this order, Plaintiff has not filed an amended complaint. For the reasons provided in that screening order, as set forth above, Plaintiff has not established a likelihood of success on the merits.

Plaintiff also relies on his complaint for his argument that he will suffer irreparable injury. Plaintiff does not provide any other support to establish irreparable harm. Further, in his declaration, Plaintiff states that he has been provided Azelastine and Singulair, two of the medication he alleges is necessary to address his chest congestion, and Plaintiff states he has been provided a substitute for Nasacort. (ECF No. 7, Faunce Declaration ¶ 8). Plaintiff's statements undermine his contention that he will suffer irreparable harm without injunctive relief. Plaintiff also does not provide any support for his contention that the balance of equities weighs in his favor and that an injunction is in the public interest.

The Court thus recommends that Plaintiff's motion for preliminary injunction be denied.

\\\

5

## V. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction (ECF No. 7) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2025**                      /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE